**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>              Plaintiffs,<br><br>              v.<br><br>APPLE INC.,<br><br>              Defendant. | Civil Action Nos.<br>   2:15-cv-00017-JRG-RSP<br>   2:15-cv-00287-JRG-RSP<br>   2:15-cv-00288-JRG-RSP<br>   2:15-cv-00289-JRG-RSP<br>   2:15-cv-00290-JRG-RSP<br>   2:15-cv-00291-JRG-RSP<br>   2:15-cv-00292-JRG-RSP<br>   2:15-cv-00293-JRG-RSP |

**DEFENDANT APPLE INC.'S UNOPPOSED MOTION FOR A
CONSOLIDATED CASE MANAGEMENT CONFERENCE**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule CV-42, Defendant Apple Inc. ("Apple") respectfully moves that this Court hold a separate and consolidated Case Management Conference in the above-captioned cases brought by Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") in order to specifically address the more complex case management and scheduling issues entailed in coordinating eight separate but related cases. Counsel for Ericsson has stated that Ericsson does not oppose the relief sought in this motion.

In response to a suit Apple filed in the Northern District of California, Ericsson filed seven patent suits in this Court and two investigations in the International Trade Commission. Ericsson asserted a total of 41 patents in those suits, eight of which Ericsson claims are essential to telecommunications standards. And in an eighth suit in this Court, Ericsson has requested a concededly non-binding judicial affirmation of its own negotiating strategy. Apple respectfully suggests that the Court should deal with all eight of Ericsson's suits in a single Case Management Conference, held separately from the Court's regular multi-case initial status conference. Apple further proposes that the Court order the parties to meet and confer to develop a consolidated schedule. If no agreement is reached, each party should be permitted to submit its own proposal. A consolidated Case Management Conference is warranted because (1) these eight cases share common questions of law and fact, including the design and operation of Apple's iPhone products, which are accused in all eight cases of infringing Ericsson's patents; and (2) consolidation would serve the interests of judicial efficiency. Ericsson has agreed to this proposal.[1]

---

[1] In consenting to the relief requested by this motion, Ericsson noted that its agreement to a consolidated Case Management Conference is "without prejudice" to its motion for an expedited trial of its declaratory judgment action, No. 15-cv-017 ("the -017 case"). *See* Selwyn Decl. ¶ 8;

**I.     BACKGROUND**

On January 12, 2015, Apple filed a declaratory judgment action against Ericsson in the Northern District of California. *See* Selwyn Decl., Ex. 1 (Compl., Dkt. 1, *Apple Inc. v. Telefonaktiebolaget LM Ericsson, Inc.* (*Apple I*), No. 15-cv-154-JD (N.D. Cal. Jan. 12, 2015)). In that action, Apple seeks a declaration that seven patents—each of which Ericsson has declared essential to the LTE telecommunications standard pursuant to the Intellectual Property Rights (IPR) policy of the European Telecommunications Standards Institute ("ETSI") (of which both Apple and Ericsson are members), and each of which Ericsson has specifically accused Apple of infringing—are neither essential to LTE nor infringed by Apple; for any patent actually found essential and infringed, Apple also seeks a declaration of a fair, reasonable, and non-discriminatory ("FRAND") royalty rate, as mandated by ETSI's IPR policy.[2] *See* Selwyn Decl.,

---

Ericsson's Mot. for Expedited Trial, Dkt. 35, No. 15-cv-017 (Apr. 20, 2015). Apple will oppose Ericsson's motion for an expedited trial, because (1) the Court should not render an opinion on Ericsson's FRAND commitments with respect to royalties before adjudicating whether Apple in fact has any obligation to ***pay*** royalties; and (2) given that the -017 case apparently involves the assertion of hundreds, if not thousands, of patents that Ericsson has so far failed even to identify, it will take far longer than Ericsson forecasts. Moreover, Apple believes that Ericsson's declaratory judgment action should be dismissed for lack of jurisdiction, not accelerated. *See* Apple Inc.'s Mot. to Dismiss, Dkt. 15, No. 15-cv-017 (Mar. 20, 2015). Regardless of when or how the Court rules on Apple's motion to dismiss, however, prudent case management warrants that the Court decide how to coordinate Ericsson's eight cases in a single Case Management Conference. Apple also believes that it would be most efficient for its motion to dismiss to be resolved before discovery commences, and that a consolidated Case Management Conference would provide an opportunity to discuss the proper staging of discovery.

[2]    ETSI has no mechanism to test declarations of standard-essentiality for accuracy, and studies have repeatedly shown that there are high levels of "over-declaration"—many patents declared as standard-essential are actually not essential. *See, e.g.*, Robert Myers, Fairfield Resources Int'l, Inc., *Review of Patents Declared as Essential to LTE and SAE (4G Wireless Standards) Through June 30, 2009*, at 7 (Jan. 6, 2010) (finding that only 50% of declared-essential patent families actually contained at least one LTE essential patent). Consistent with those findings, Ericsson has admitted that many—potentially thousands—of the patents that it has declared to ETSI as essential are ***not actually essential*** to any standard. *See* Selwyn Decl., Ex. 6 (Joint Stipulation, at 13, Dkt. 79, *TCL Commc'n Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, No. 8:14-cv-341-JVS-AN (C.D. Cal. Jan. 16, 2015))

Ex. 2 (Am. Compl. ¶¶ 65-148, Dkt. 11-3, *Apple I*, No. 15-cv-154-JD (N.D. Cal. Jan. 15, 2015)). Judge James Donato of the Northern District of California denied Ericsson's motions to dismiss. Selwyn Decl., Ex. 4 (Order Denying Mots. to Dismiss at 3, Dkt. 64, *Apple I*, No. 15-cv-154-JD (N.D. Cal. Apr. 20, 2015)). That case is now going forward; Apple and Ericsson served first sets of interrogatories and requests for production in the California litigation on March 23 and March 31, respectively.[3] Selwyn Decl. ¶ 9. Judge Donato held an Initial Case Management Conference on April 15 and issued a Case Management and Scheduling Order on May 1, setting a trial date of October 17, 2016. *Id.* ¶ 11.

In response to Apple's suit in California, on January 14, 2015, Ericsson filed the first of eight cases in this Court, No. 15-cv-017 (the "-017 case"). In the -017 case, Ericsson seeks a declaratory judgment that its offer to license its ***entire*** global cellular declared-essential patent portfolio to Apple complied with its FRAND commitment to ETSI, and also asserts a claim for promissory estoppel. Am. Compl. ¶¶ 37-46, Dkt. 4, No. 15-cv-017 (Jan. 14, 2015).

On February 26, 2015, Ericsson escalated the dispute by filing seven patent infringement suits against Apple in this Court—Nos. 15-cv-287 ("the -287 case"); 15-cv-288; 15-cv-289; 15-cv-290; 15-cv-291; 15-cv-292; and 15-cv-293—and requesting two investigations of Apple at the International Trade Commission aimed at blocking importation of Apple's products into the United States. Selwyn Decl., Exs. 5A, 5B. All told, Ericsson has alleged in this Court that

---

("Ericsson has submitted these licensing declarations to ETSI for thousands of patents and patent applications and many—***but not all***—of these patents and patent applications are essential to the 2G, 3G, and 4G LTE standards." (emphasis added)); *see also* Selwyn Decl., Ex. 3 (Def.'s Mot. to Dismiss, at 5, Dkt. 25, *Apple Inc. v. Telefonaktiebolaget LM Ericsson*, No. 15-cv-154-JD (N.D. Cal. Feb. 26, 2015)) (Of Ericsson's "portfolio of more than 7,000 patents and patent applications worldwide that it has declared to ETSI," the "***actually*** essential patents . . . number at least in the hundreds." (emphasis added)).

[3] Ericsson served responses to Apple's discovery requests on April 22, and Apple served responses to Ericsson's discovery requests on April 30. Selwyn Decl. ¶ 10.

Apple infringes **41** patents, including eight patents that Ericsson has declared to ETSI to be essential to the GSM or LTE telecommunications standards.[4]

## II. ARGUMENT

This Court has before it eight actions that arise out of Ericsson's allegations that Apple infringes at least 41—and, according to Ericsson, perhaps hundreds more, *see supra* p. 3 & n.2—Ericsson patents, and that, as a result, Apple should pay Ericsson royalties. Management of those claims will raise related questions, and the claims will likely involve overlapping issues, witnesses, and evidence. Efficiency and common sense thus favor examining the cases together. Apple accordingly seeks a separate and consolidated Case Management Conference at which the Court may determine how best to proceed in these eight cases. In advance of such a Conference, Apple also proposes that the Court order the parties to meet and confer to develop a consolidated schedule and, if an agreement cannot be reached, to each submit separate proposals for the Court's consideration.

### A. Consolidation Is Warranted Because The Cases Share Common Questions Of Law And Fact

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid

---

[4] Apple intends to move to transfer Ericsson's cases before this Court to the Northern District of California, where the first-filed litigation involving Ericsson's standard-essential patents is already proceeding at a more advanced stage than any of the later-filed cases in this Court, and which is a far more convenient venue based on the location of the parties, expected party and third-party witnesses, documentary evidence, and other relevant factors. Apple will be prepared to discuss that request at the proposed consolidated Case Management Conference.

unnecessary costs or delay."); *In re Universal Access, Inc., Sec. Litig.,* 209 F.R.D. 379, 382 (E.D. Tex. 2002) ("Consolidation is appropriate where there are actions involving common questions of law or fact.").

Whether and how to consolidate cases rests in the Court's sound discretion. *Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1014 (5th Cir. 1979). Consolidation is not limited to trials; indeed, "[c]onsolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court." 9A Wright & Miller, *Federal Practice and Procedure* § 2382 (3d ed. 2008). At this point, Apple seeks only a consolidated Case Management Conference.

A consolidated Case Management Conference for Ericsson's eight separate actions against Apple is warranted under Rule 42(a) and Local Rule CV-42 for at least three reasons:

***First***, the eight suits involve identical parties. *See Santa Fe Int'l Corp. v. Transcont'l Gas Pipe Line Corp.*, 728 F. Supp. 435, 437 (E.D. Tex. 1989) (finding the "standard for consolidation" met when, among other things, "two actions involve[d] identical parties"). To the extent the parties' relationship is relevant, that relationship is the same for each case. For example, the parties' past license negotiations involved not only Ericsson's declared-essential patents (which are relevant to the -017 and -287 cases here, as well as Apple's California suit), but also the remainder of Ericsson's portfolio (and therefore all Ericsson patents asserted in the other six cases before this Court). Ericsson has specifically relied on those negotiations as a basis for Apple's alleged knowledge of every asserted Ericsson patent. *See, e.g.*, Compl. ¶ 26, Dkt. 1, No. 15-cv-288 (Feb. 26, 2015) (alleging that "Apple has participated in discussions with Ericsson regarding Ericsson's patent portfolio" and "had knowledge of the Ericsson Patents-in-Suit based on these discussions"). Similarly, the eight suits may raise common issues relating to

potential damages, among them Ericsson's own activities in relevant fields (or lack thereof), both parties' patent licenses, the relevant importance of various features of products accused in multiple cases (including Apple's iPhone products, which are accused in all eight cases), and financial information pertaining to those products.

*Second*, Apple's iPhone products are specifically accused in all seven cases, Apple's iPad products are specifically accused in five of the seven, and Apple's iPod touch products are accused in four of the seven.[5] *See SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1068 (W.D. Wis. 2008) (consolidating cases that involve "allegations of infringement against the same products"). There is thus likely to be extensive overlap among all eight cases in relation to, for example, documents, source code, and witnesses.

*Third*, the eight suits concern many patents directed to related technologies. *See Eastman Chem. Co. v. AlphaPet Inc.*, No. 97-cv-971, 2011 WL 7121180, at *4 (D. Del. Dec. 29, 2011) (consolidating actions when "the two matters involve[d] related technologies"). For example, because the iPhone is the primary accused product in all the cases, there will very likely be an overlap in witnesses. In addition, some specific overlapping examples include the following:

---

[5] *See* Compl. ¶ 30, No. 15-cv-287 (Feb. 26, 2015) (iPhone, iPad); Compl. ¶ 25, No. 15-cv-288 (Feb. 26, 2015) (iPhone, iPad, iPod); Compl. ¶ 25, No. 15-cv-289 (Feb. 26, 2015) (iPhone); Compl. ¶¶ 1, 24, No. 15-cv-290 (Feb. 26, 2015) ("iPhone, iPad, and other products"; "Apple products with iOS"); Compl. ¶ 26, No. 15-cv-291 (Feb. 26, 2015) (iPhone); Compl. ¶¶ 1, 23, No. 15-cv-292 (Feb. 26, 2015) ("iPhone, iPad, and other products"; "Apple products with iOS"); Compl. ¶ 24, No. 15-cv-293 (Feb. 26, 2015) (iPhone, iPad, and iPod). In the eighth case (the -017 case), Ericsson seeks only an improper advisory opinion and does not accuse any Apple products of infringing any specific patents.

- Three cases involve patents declared essential to cellular standards and/or relate to the cellular standards;[6]

- Two cases involve patents relating to baseband processors and radio frequency transceivers that are used in cellular communication;[7]

- Two involve other aspects of wireless communications, including cellular location services and interaction between cellular devices and other devices;[8]

- Four cases have patents that are directly related to patents asserted in another case;[9] and

- Four cases have patent inventors that overlap with another case.[10]

---

[6] *See* Am. Compl. ¶¶ 37-41, Dkt. 4, No. 15-cv-017 (Jan. 14, 2015) (declared-essential cellular patents); Compl. ¶ 1, Dkt. 1, No. 15-cv-287 (Feb. 26, 2015) (same); Compl. ¶ 1-2, Dkt. 1, No. 15-cv-293 (Feb. 26, 2015) (cellular communication).

[7] *See* Compl. ¶¶ 19-20, Dkt. 1, No. 15-cv-288 (Feb. 26, 2015) (radio frequency transceiver); Compl. ¶¶ 14, 16, Exs. 1, 3, Dkt. 1, No. 15-cv-293 (Feb. 26, 2015) (baseband processors).

[8] *See* Compl. ¶¶ 2, 14-17, Dkt. 1, No. 15-cv-290 (Feb. 26, 2015) (location services); Compl. ¶¶ 2, 16-18, Dkt. 1, No. 15-cv-292 (Feb. 26, 2015) (wireless communications).

[9] For example, the -293 case includes U.S. Patent No. 8,812,059 and the -289 case includes U.S. Reissue Patent No. RE43,931, both of which are direct family members with the same specification. *See* Compl., Ex. 4, Dkt. 1, No. 15-cv-293 (Feb. 26, 2015); Compl., Ex. 5, Dkt. 1, No. 15-cv-289 (Feb. 26, 2015). And the -288 case includes U.S. Patent Nos. 7,580,683 and 8,626,086, which are continuations of U.S. Patent No. 6,633,550, which is included in the -293 case. *See* Compl., Exs. 5, 6, Dkt. 1, No. 15-cv-288 (Feb. 26, 2015); Compl., Ex. 1, Dkt. 1, No. 15-cv-293 (Feb. 26, 2015).

[10] Bernd Moller and Ben Smeets are inventors on patents in the -289 case and the -291 case. *See* Compl. ¶ 19, Dkt. 1, No. 15-cv-289 (Feb. 26, 2015); Compl. ¶ 20, Dkt. 1, No. 15-cv-291 (Feb. 26, 2015). Heino Wendelrup is an inventor on a patent in the -292 and -293 case. *See* Compl. ¶ 15, Dkt. 1, No. 15-cv-292 (Feb. 26, 2015); Compl. ¶ 18, Dkt. 1, No. 15-cv-293 (Feb. 26, 2015).

### B. A Consolidated Case Management Conference Would Serve Judicial Efficiency

A consolidated Case Management Conference dedicated to this complex set of cases between Ericsson and Apple would permit the Court to evaluate all eight cases together and determine the most sensible and efficient way to proceed. Decisions regarding potential phasing of the litigation, case schedules, and coordination of discovery, for example, will be best made with due consideration of all eight cases. Further, conducting a single consolidated Case Management Conference would conserve the Court's "limited resources" and avoid unnecessary duplication of efforts, which makes it an "efficient and cost-saving case management procedure[] for the benefit of the parties, counsel, and the Court." *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, Nos. 6:12-cv-508 & 6:11-cv-495, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012) (ordering consolidation and observing that Rule 42 "provides a mechanism for district courts to better conserve judicial resources via consolidation for certain common issues"); *Santa Fe Int'l*, 728 F. Supp. at 437 ("Consolidation of these cases would mean a substantial savings in time and money to the parties, witnesses, counsel, and the court.").

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court schedule a consolidated Case Management Conference for the above-captioned cases. Apple further requests that the Court order the parties to meet and confer to develop a consolidated schedule. If no agreement is reached, the parties may each submit a proposal of their own.

| | |
|---|---|
| May 5, 2015 | Respectfully submitted,<br><br>*/s/ Michael E. Jones*<br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 S. Washington Avenue<br>Marshall, TX 75670<br>(903) 934-8450<br>melissa@gillamsmithlaw.com<br><br>Michael E. Jones<br>State Bar No. 10929400<br>POTTER MINTON, P.C.<br>110 N. College Ave., Suite 500<br>Tyler, TX 75702<br>(903) 597-8311<br>mikejones@potterminton.com<br><br>*Attorneys for Defendant Apple Inc.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5(a)(3) on May 5, 2015.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones

**CERTIFICATE OF CONFERENCE**

I hereby certify that Mark D. Selwyn conferred with Douglas A. Cawley, counsel for Plaintiffs, by email on April 19, 2015 and May 3, 2015.  On May 4, 2015, Mr. Cawley responded by email that Ericsson agreed to a consolidated case management conference for all eight suits, but without prejudice to Ericsson's motion for expedited trial of its declaratory judgment action.

*/s/ Michael E. Jones*
Michael E. Jones